**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. Guinn,* **Slip Opinion No. 2016-Ohio-3351.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-3351

DISCIPLINARY COUNSEL *v.* GUINN.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. Guinn,* **Slip Opinion No. 2016-Ohio-3351.]**

*Attorneys—Misconduct—Failure to provide competent representation, act with reasonable diligence, and reasonably communicate with client—Charging excessive fee—Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation—Initiating proceeding that is unsupported by law and fact—Engaging in conduct that is prejudicial to the administration of justice—Two-year suspension, fully stayed on conditions.*

(No. 2015-2013—Submitted January 27, 2016—Decided June 14, 2016.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2015-018.

_____

**Per Curiam.**

{¶ 1} Respondent, Daniel Joseph Guinn of New Philadelphia, Ohio, Attorney Registration No. 0084686, was admitted to the practice of law in Ohio in 2009. In March 2015, relator, disciplinary counsel, charged him with professional misconduct for neglecting two client matters, misrepresenting the status of a case to a client, filing a frivolous lawsuit, and failing to properly inform clients that he lacked professional liability insurance. Guinn stipulated to the charges, and after a hearing, the Board of Professional Conduct issued a report recommending that we sanction him with a two-year suspension, stayed in its entirety on conditions. Neither party has filed objections to the board's report and recommendation.

{¶ 2} Based on our review of the record, we adopt the board's findings and recommended sanction.

## Misconduct

### Count one—Failing to timely file appellate briefs

{¶ 3} The board found that Guinn failed to timely file appellate briefs in two cases in which he represented clients who had had their parental rights terminated. In the first case, Guinn's appellate brief was due on December 9, 2012. Two days after missing the deadline, he requested an extension of time. On December 17, the court of appeals denied his request but indicated that in the interest of justice, it would consider a brief filed immediately. Guinn, however, failed to immediately file a brief, and on January 8, 2013, the court of appeals dismissed the appeal for lack of prosecution.

{¶ 4} Guinn later filed a motion for reconsideration with an appellate brief attached, but the court denied his request, noting that Guinn had failed to offer any explanation as to why a brief had not been timely filed. Months later, Guinn informed his client that he had filed an appeal but that the court had dismissed it. The client then obtained new counsel and was later able to reopen the appeal based on an ineffective-assistance-of-counsel claim.

**{¶ 5}** The second case of neglect occurred during the same relative time period. After missing his deadline to file an appellate brief on December 16, 2012, Guinn requested an extension of time. The court granted him until January 28, 2013, to file his brief but also indicated that no further extensions would be granted. On the day of the deadline, Guinn filed a request to extend the page limit, which the court denied. On February 12, Guinn moved for an extension of time, and he filed his merit brief about a week later. The court, however, dismissed the appeal due to Guinn's failure to timely file the brief.

**{¶ 6}** Guinn then failed to inform this client, Nicole Betts, that her appeal had been dismissed, and he also failed to refund the $1,000 retainer that he had received from her. At his disciplinary hearing, Guinn testified that he had twice attempted to send a refund check to Betts but that she had moved out of state and had not yet negotiated the check.

**{¶ 7}** Based on this conduct, the parties stipulated and the board found that Guinn violated Prof.Cond.R. 1.1 (requiring a lawyer to provide competent representation to a client), 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.4 (requiring a lawyer to reasonably communicate with a client), 1.5(a) (prohibiting a lawyer from making an agreement for, charging, or collecting an illegal or clearly excessive fee), and 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation). We agree with these findings of misconduct.

*Count two—Filing a frivolous lawsuit*

**{¶ 8}** In 2012, Guinn represented a mother in a neglect, dependency, and custody proceeding, and in that action, a case worker from Tuscarawas Job and Family Services testified that Guinn's client had permitted a registered sex offender to live with the client's child. Indeed, Guinn's client had previously admitted and stipulated to that fact. Nevertheless, Guinn, on behalf of his client, filed a defamation complaint against the case worker, alleging that she had falsely testified

in the prior proceeding. Guinn later dismissed the complaint and admitted that he had filed it based only on his client's representations and had failed to thoroughly investigate the defamation allegations. Guinn also admitted that the filing of the complaint was reckless.

{¶ 9} Based on this conduct, the parties stipulated and the board found that Guinn violated Prof.Cond.R. 3.1 (prohibiting a lawyer from bringing a proceeding that is unsupported by law and fact or that lacks a good-faith argument for an extension, modification, or reversal of existing law) and 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice). We agree.

*Count three—Malpractice insurance*

{¶ 10} Between December 28, 2010, and June 3, 2014, Guinn failed to properly notify his clients that he lacked professional liability insurance. Accordingly, the parties stipulated and the board found that he violated Prof.Cond.R. 1.4(c) (requiring a lawyer to inform the client on a separate written form that the lawyer does not maintain professional liability insurance and requiring the client to sign the form). We agree with this finding of misconduct.

**Sanction**

{¶ 11} When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

*Aggravating and mitigating factors*

{¶ 12} The board found only one aggravating factor—that Guinn engaged in a pattern of misconduct. *See* Gov.Bar R. V(13)(B)(3). In mitigation, the board found that Guinn has no prior discipline, lacked a selfish motive, and made full and free disclosures to the board and had a cooperative attitude toward the proceedings. *See* Gov.Bar R. V(13)(C)(1), (2), and (4). The board noted that Guinn is

undergoing treatment for depression and anxiety and that he has entered into a three-year contract with the Ohio Lawyers Assistance Program ("OLAP"); however, the board could not conclude that Guinn's mental disorder qualified as a mitigating factor, because Guinn had failed to submit the necessary medical evidence under Gov.Bar R. V(13)(C)(7). The board also noted that Guinn appeared remorseful, that he openly acknowledged that his actions were improper, and that his testimony was "genuine." We defer to the board's credibility assessment of Guinn, as the hearing panel's members saw and heard the witness firsthand. *See Cuyahoga Cty. Bar Assn. v. Wise*, 108 Ohio St.3d 164, 2006-Ohio-550, 842 N.E.2d 35, ¶ 24.

*Applicable precedent*

**{¶ 13}** The board recommends that we impose a two-year suspension, stayed on conditions, including that Guinn serve a period of monitored probation, pay restitution to Betts, and comply with the treatment recommendations of his counselor and OLAP. To support its proposed sanction, the board cited cases with similar instances of neglect and misrepresentations to clients, including *Disciplinary Counsel v. Hilburn*, 135 Ohio St.3d 1, 2012-Ohio-5528, 984 N.E.2d 940, and *Disciplinary Counsel v. Pfundstein*, 128 Ohio St.3d 61, 2010-Ohio-6150, 941 N.E.2d 1180.

**{¶ 14}** In *Hilburn*, the attorney failed to diligently represent clients in four separate matters, made misrepresentations to her clients and to a court in one of those matters, failed to obtain a client's consent to dismiss a case, and failed to cooperate in the ensuing disciplinary investigation. *Hilburn* at ¶ 4-23. In mitigation, the attorney had no prior discipline, lacked a selfish motive, and suffered from depression. *Id.* at ¶ 25-33. Weighing all these factors, we imposed an 18-month suspension, with 12 months stayed on conditions, including that Hilburn continue treatment for her mental disorder and serve a period of monitored probation. *Id.* at ¶ 35-36.

**{¶ 15}** In *Pfundstein*, an attorney neglected two matters for the same client and made multiple misrepresentations about the status of those matters to his client. *Pfundstein* at ¶ 6-13. In mitigation, the attorney had no prior discipline, fully cooperated in the disciplinary process, displayed remorse, and suffered from depression, which we found had contributed to his misconduct. *Id.* at ¶ 16-23. We sanctioned the attorney with a 12-month suspension, stayed in its entirety on conditions, including that he comply with his OLAP contract and serve a period of monitored probation. *Id.* at ¶ 30.

**{¶ 16}** We have previously explained that "in determining the appropriate length of the suspension and any attendant conditions, we must recognize that the primary purpose of disciplinary sanctions is not to punish the offender, but to protect the public." *Disciplinary Counsel v. O'Neill*, 103 Ohio St.3d 204, 2004-Ohio-4704, 815 N.E.2d 286, ¶ 53. That purpose is served by accepting the board's recommended sanction in this case. Guinn has no prior discipline, he fully cooperated in the disciplinary process, and he acknowledged his wrongdoing. Although significant, his misconduct is not as egregious or as widespread as the misconduct in *Hilburn*, and the totality of the circumstances here is more analogous to *Pfundstein*. Accordingly, a fully stayed suspension, as in *Pfundstein*, is appropriate. Further, the conditions of monitored probation and compliance with his OLAP contract and his counselor's treatment recommendations should allow Guinn to practice law without posing a threat to the public. Thus, we agree with the board that the length and attendant conditions in its recommended sanction are consistent with supporting case law.

### Conclusion

**{¶ 17}** Having considered Guinn's ethical infractions, the aggravating and mitigating factors, and the sanctions imposed in comparable cases, we adopt the board's recommended sanction. Daniel Joseph Guinn is hereby suspended from the practice of law for two years, with the suspension stayed in its entirety on the

6

conditions that he (1) serve a two-year period of monitored probation, (2) within 90 days of the court's disciplinary order, pay restitution in the amount of $1,000 to Nicole Betts, (3) extend the term of his OLAP contract to coincide with the term of his monitored probation and follow all recommendations of his counselor and OLAP, and (4) pay the costs of these proceedings.  If Guinn fails to comply with any condition of the stay, the stay will be lifted and he will serve the entire two-year suspension.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Scott J. Drexel, Disciplinary Counsel, and Dionne DeNunzio and Catherine Russo, Assistant Disciplinary Counsel, for relator.

Daniel Joseph Guinn, pro se.

_____